UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE HARRINGTON and MELTECH, INC., <br><br> Plaintiffs, <br><br> versus, <br><br> SELECTIVE INSURANCE COMPANY OF AMERICA dba MESA UNDERWRITERS and MUNICH RE INSURANCE COMPANY dba AMERICAN ALTERNATIVE INSURANCE COMPANY, <br><br> Defendants. | Case No. 1:26-cv-00031 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## STATEMENT OF FACTS

1) Shortly after December 8, 2025, Plaintiff Shane Harrington was informed that a 21-page lawsuit had been filed against him personally and his former corporation Meltech, Inc., arising out of an incident that occurred in 2019.

2) Plaintiffs promptly reported this lawsuit to their insurance carrier Selective Insurance Company of America (Mesa Underwriters).

3) Plaintiff Harrington also reported the claim to his personal umbrella carrier American Alternative Insurance Company.

4) American Alternative Insurance Company requested the information for Mr. Harrington's homeowner's policy, which he provided.

5) Harrington's personal insurance company was Progressive Insurance dba American Strategic Insurance Company. He reported the claim to Progressive as well.

6) All three carriers asked a number of questions by email that were all answered.

7) The primary carrier and umbrella carrier have denied the duty to defend or indemnify.

1

8) Plaintiff Harrington forwarded all Defendants an email with six cases from around the United States in support of providing coverage in a case similar to the lawsuit filed against Plaintiffs.

9) The case has now been pending for six weeks and neither of the Defendants have agreed to defend or indemnify the claim.

10) As a result, Plaintiffs have gone to great expense to hire an attorney and begin the legal defense of a lawsuit that threatens Plaintiff's entire life, his personal and professional reputation.

11) This is precisely why Plaintiffs purchased insurance from Defendants and in Mr. Harrington's time of need, they have abandoned their duty to defend him in court.

## DUTY TO DEFEND

12) Defendants are each required to provide a legal defense, even if they ultimately conclude that they will not indemnify the claim.

13) Defendants are required to defend the case because there are claims that are potentially covered by the policies.

14) Defendants also have a duty to defend the entire case if any portion of the case falls outside an exemption.

15) Defendants have a duty to defend as established by the six precedent cases that were forwarded to Defendants by Plaintiffs.

16) Defendant Selective Insurance Company of America dba Mesa Underwriters has denied coverage due to the Molestation and Abuse and the Assault and Battery exemptions in their Policy, but case law supports the proposition of providing coverage.

17) The fact that there are exclusions for Abuse or Molestation and Assault and Battery does not mean that the carriers do not have to provide coverage, as the Plaintiff claims injuries and damages outside the scope of "Abuse or Molestation" and "Assault and Battery."

18) As long as there are a set of facts that lie outside the exclusion, Defendants are required to provide a legal defense.

19) Mesa Underwriters was in fact ordered to provide a legal defense in a case similar to this in Georgia in 2022.

20) The umbrella carrier American Alternative Insurance has not provided an explanation for their failure to defend.

21) The alleged victim was not assaulted or battered, nor was she molested or abused by the insured.

22) She was allegedly sex trafficked, without being assaulted or battered, abused or molested at Paradise City, in Elm Creek, Nebraska.

23) Any alleged sexual misconduct occurred next door at a motel, owned and potentially insured by third parties.

24) Sex trafficking is a specific crime that carriers must exclude from coverage.

25) What's more, Plaintiff Harrington and his company are not accused of the assault, battery, abuse or molestation, but rather, they are accused of failing to take action to assist the Jane Doe which could broadly consist of negligent supervision.

26) If allegations in a lawsuit are more encompassing than the exclusions in an insurance policy, the carrier has a duty to defend the insured.

27) Plaintiffs are repeatedly accused of "omissions" which led to damages, which constitute various claims for negligence.

28) Plaintiffs are accused of "financial gain," at the expense of Jane Doe, which is outside any exclusion in the insurance policies.

29) There are also repeated allegations of causing emotional distress which is not excluded from coverage.

30) Plaintiffs claim Jane Doe experienced despair and was treated like an inanimate vehicle.

31) It is also likely the pleading will be amended to include broader claims.

32) Plaintiffs are accused of being agents for other people engaged in tortious and criminal conduct.

33) The lawsuit claims in part that the Jane Doe was "held captive" and that Plaintiffs were, "prolonging her captivity," which constitutes false imprisonment, a tort that is not exempted from coverage.

34) The lawsuit claims that Defendants played an active and knowing role in Jane Doe's "torture" which is a personal injury outside any exclusion.

35) The lawsuit claims Jane Doe was subject by Plaintiffs to, "brutal and inhumane treatment," which is beyond the scope of the Defendants' coverage exclusions.

## DEFAMATION OF PLAINTIFFS

36) Another reason why it is critical for Defendants to defend Plaintiffs immediately is because the 21-page lawsuit is entirely false with regard to all claims made against Plaintiffs and accuses Plaintiffs of reprehensible, criminal conduct.

37) Plaintiffs are referred to in 20 of the 82 paragraphs and all allegations are false.

38) In the lawsuit, the Jane Doe Plaintiff and her attorneys falsely alleged the Plaintiffs owned and operated Paradise City strip club in 2019 and that Tim Jeys was an employee of Harrington and Meltech, Inc. when Jane Doe allegedly came there as a customer.

39) However, Plaintiffs sold Paradise City to Tim Jeys in April 2018, 18 months before the incident occurred.

40) Since Defendants have not defended this frivolous lawsuit, Plaintiffs were forced to hire the law firm of Fraser Stryker to defend him in the case.

## PARTIES

### PLAINTIFFS

41) Plaintiff Shane Harrington is a resident of the State of Nebraska who was insured by the Defendants in 2019.

42) Meltech, Inc. was a corporation owned by Shane Harrington that operated in 2019, insured at that time by Selective Insurance Company of America.

### DEFENDANTS

43) Selective Insurance Company of America (P.O. Box 7264, London, KY 40742) dba Mesa Underwriters Specialty Insurance Company (200 Dryden Rd E, Dresher, PA 19025), is Mr. Harrington's primary insurance for the claim.

44) Munich Re Insurance Company dba American Alternative Insurance Company maintains a corporate office at 555 College Road East, Princeton, NJ 08540, and is Mr. Harrington's personal umbrella insurance for the claim.

### JURISDICTION

45) This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states.

### VENUE

46) Venue is proper under 28 U.S.C. § 1391 (a)(2) and (c), as a substantial part of the

events or omissions giving rise to the claims stated herein occurred in Nebraska and Defendants are subject to jurisdiction in Nebraska.

# FIRST CAUSE OF ACTION

# BREACH OF CONTRACT

47) Plaintiffs re-allege and reaffirm all prior paragraphs as if fully set forth herein.

48) Defendants' contracts require Defendants to defend Plaintiffs in lawsuits like the one filed against Plaintiffs on December 8, 2025.

49) Defendants are refusing to provide a legal defense for Plaintiffs.

50) Plaintiffs purchased insurance Policies from the Defendants requiring Defendants to pay for any and all damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

51) Each policy includes a provision for legal defense of claims and indemnification of $1 million per policy per incident.

52) The Policies are contracts between Plaintiffs and Defendants.

53) Plaintiffs paid premiums and otherwise performed all conditions precedent to recovery of benefits under their Policies with the Defendants.

54) Plaintiffs promptly reported the claims and cooperated with Defendants, providing everything they requested.

55) Defendants refuse to provide the contractually required and covered benefits to Plaintiffs, including a legal defense to the lawsuit filed against Plaintiffs and the duty to indemnify Plaintiffs.

56) The failure of Defendants to honor their obligations under the Policies constitutes breaches of both contracts by Defendants.

57) As a direct and proximate result of Defendants' breach of its obligations under the Policies, Plaintiffs have suffered damages in excess of $75,000.

58) Plaintiffs are entitled to all benefits due and owing under the Policies.

59) Because this action involves a claim under insurance Policies, Plaintiffs, upon prevailing in this action, are entitled to an award of attorneys' fees under Neb. Rev. Stat. § 44-359.

60) Plaintiffs request that the Defendants reimburse Plaintiffs for legal expenses to date that should have been covered by insurance.

## SECOND CAUSE OF ACTION

### BAD FAITH

61) Plaintiffs re-allege and reaffirm all prior paragraphs as if fully set forth herein.

62) Defendants owed duties arising from the Policies' implied covenants of good faith and fair dealing, under which Defendants covenanted that they would, in good faith and in the exercise of fair dealing, deal with Plaintiffs fairly and honestly, faithfully perform their duty of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiffs' rights to receive the benefits provided by the Policies.

63) The insurers breached their duty of good faith and fair dealing when they denied Plaintiffs a legal defense for a lawsuit that is covered under their insurance Policies.

64) At all times, Plaintiffs fulfilled their obligations under the Policies and acted in accordance with their duty of good faith and fair dealing.

65) Defendants breached the covenant of good faith and fair dealing that they owe to Plaintiffs by engaging in a pattern of conduct designed to deprive Plaintiffs of their rights and benefits under the Policies.

66) Defendants failed to act promptly in responding to communications transmitted by or on behalf of Plaintiffs.

67) Defendants failed to conduct a timely or objectively reasonable investigation.

68) Consequently, Plaintiffs have been forced to defend themselves in Court at great expense.

69) Defendants have unnecessarily compelled Plaintiffs to file this lawsuit to recover benefits owed under the Policies

70) Defendants' conduct has resulted in an avoidable harm to Plaintiffs.

71) It is apparent from the conduct of Defendants in their handling of Plaintiffs' Claims that Defendants have adopted a plan or approach to delay, as much as possible, its legal defense and payment of the Claims.

72) Defendants have committed such actions deliberately and with such frequency in these Claims as to indicate a general business practice.

73) Plaintiffs have suffered, and continue to suffer actual damages, due to Defendants' breach of its covenant of good faith and fair dealing.

74) As a direct and proximate result of Defendants' actions, Plaintiffs have:

   (a) Incurred and will incur in the future legal costs to defend themselves in a frivolous lawsuit filed against them in federal court;

   (b) Incurred and will incur in the future legal costs to litigate this lawsuit against Plaintiffs' insurance carriers for Breach of Contract and Bad Faith;

   (c) Suffered and will continue to suffer monetary damages as a foreseeable and proximate result of the misconduct alleged; and

   (d) Suffered and will continue to suffer other costs, expenses and losses.

## REQUEST FOR RELIEF

75) Plaintiffs respectfully request that this Court enter judgment in their favor and require Defendants to provide a legal defense for the lawsuit of December 8, 2025;

76) That Defendants pay for all costs, expenses, and reasonable attorney fees incurred by Plaintiffs as allowed by any statute, court rule, or contract, including Neb. Rev. Stat. § 44-359; for damages caused by the bad faith breach of insurance contract by Defendants for pre-judgment and post-judgment interest as permitted by statute or court rule; and for such other relief as the Court may deem just and proper.

January 18, 2026

Respectfully Submitted,

By: /s/ *Evan Spencer*
Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of January, 2026, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

/s/Evan Spencer
Evan Spencer, Esq.