## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

SHANE HARRINGTON and
MELTECH, INC.,

        Plaintiffs,

    v.

SELECTIVE INSURANCE COMPANY
OF AMERICA dba MESA
UNDERWRITERS AND MUNICH RE
INSURANCE COMPANY dba
AMERICAN ALTERNATIVE
INSURANCE COMPANY,

        Defendants.

Case No. 8:26-cv-00031

### DEFENDANT SELECTIVE INSURANCE COMPANY OF AMERICA'S
### MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(4), Defendant Selective

Insurance Company of America ("Selective") submits this Memorandum of Law in

support of its Motion to Dismiss Plaintiffs' Complaint and Jury Demand (the

"Complaint").  The Court should grant this motion to dismiss because, based on the

operative documents upon which the Plaintiffs base their claims, Selective is not the

proper party to this dispute and, thus, the Complaint fails to state a claim upon

which relief may be granted against Selective. Instead, the proper-party defendant

is Mesa Underwriters Specialty Insurance Company ("MUSIC"), the underwriting

company that issued the insurance policies upon which the Plaintiffs premise their

claims.

## STANDARD ON MOTION TO DISMISS

In considering a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations and quotations omitted). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cnty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

In an insurance coverage dispute, courts have recognized that, even when the plaintiff has not attached the insurance policy to its complaint, the court may nonetheless consider the insurance policy in ruling on a motion to dismiss without converting it into a motion for summary judgment. *Martinique Properties, LLC v. Certain Underwriters at Lloyd's London*, 567 F. Supp. 3d 1099, 1101 n. 1 (D. Neb. 2021) *aff'd sub nom. Martinique Props., LLC v. Certain Underwriters at Lloyd's of London, Subscribing to Pol'y No. W1551E160301*, 60 F.4th 1206 (8th Cir. 2023) (noting that a court may properly consider the terms of an insurance policy when ruling on a motion to dismiss when the policy is "necessarily embraced by the complaint") (citing *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003) ([T]he

- 2 -

contracts upon which [a] claim rests ... are evidently embraced by the pleadings."); *See also Dukes Clothing, LLC v. Cincinnati Ins. Co.*, 35 F.4th 1322, 1324 n. 1 (11th Cir. 2022) (explaining that court could consider insurance policy attached to motion to dismiss, even though the plaintiff did not attach it to its complaint, "because the policy is '(1) central to the plaintiff's claim and (2) undisputed.'" (quoting *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005)). Accordingly, this Court may consider the terms of the MUSIC Policies attached to Selective's Motion to Dismiss.

Furthermore, a party wrongfully named as a defendant in a lawsuit may seek dismissal under Fed. R. Civ. P. 12(b)(4), for insufficient service. *See Automated Facilities Management Corp. v. DPSI*, 2009 WL 2940163 (D. Neb. 2009). Because Plaintiffs sued the wrong party, Plaintiffs failed to state a legally cognizable claim against Selective. Fed. R. Civ. P. 12(b)(6). Therefore, Selective is entitled to a Court Order dismissing the Complaint against Selective.

## ALLEGATIONS OF THE COMPLAINT

This is an insurance coverage action which concerns an underlying lawsuit (the "Underlying Lawsuit") in which the underlying plaintiff, Jane Doe, asserts claims against Shane Harrington and Meltech Inc. ("Meltech") arising from the alleged trafficking of Jane Doe. It is important to note that Harrington and Meltech deny all of the allegations and claims against them in the Underlying Lawsuit.

In their Complaint in this action, the Plaintiffs Harrington and Meltech allege that Selective issued insurance policies under which it insured the Plaintiffs and that Selective breached its obligations to the Plaintiffs with respect to the Underlying Lawsuit. (Complaint, Docket ECF #1 at ¶¶ 2, 16, 43, 56, 63.)

Selective did not issue any insurance policies to either Meltech or Harrington. Instead, MUSIC, a related entity, issued two insurance policies to Meltech. (Motion to Dismiss, Ex. A and Ex. B.) Efforts to correct the record with plaintiff on this issue have to date been ineffective. Accordingly, Selective files this Motion to Dismiss as Selective was not Plaintiffs' insurer and is not a proper party to this action.[1]

## ARGUMENT

Plaintiffs sued the wrong party. Plaintiffs have asserted breach of contract and bad faith claims against Selective for failing to defend and agreeing to indemnify the Plaintiffs against the claims asserted in the Underlying Lawsuit. Such claims are only cognizable against the insurer that actually issued the insurance policies under which a plaintiff asserts such claims. Although Selective is part of the same corporate family as MUSIC, Selective is not Meltech's insurer and did not issue any insurance policies that might possibly apply to the Underlying Lawsuit. Rather MUSIC issued the policies in question to Meltech.[2] Accordingly, the Plaintiffs' Complaint fails to state a legally cognizable claim against Selective. The Court, therefore, should dismiss the claims against Selective.

Further, to the extent that the Plaintiffs contend that their Complaint contains a misnomer, Selective is entitled to dismissal under Fed. R. Civ. P. 12(b)(4). Under Rule 12(b)(4), a party wrongly named as a defendant may move to

---

[1] Although irrelevant to this Motion, counsel for Selective notified the Plaintiffs' counsel of this fact and requested that the Plaintiffs file an amended complaint naming the proper party. Plaintiffs counsel indicated that Plaintiffs would do so after all defendants had responded to the original Complaint in this action.
[2] As will be later established, the MUSIC Policies do not provide coverage for the claims asserted in the Underlying Lawsuit.

dismiss for insufficient service. *Automated Facilities Management Corp.*, 2009 WL at *1 (granting the defendant's motion to dismiss under Rule 12(b)(4) and holding that a defendant has a right to be properly named and served in a lawsuit). This Court has previously granted a motion to dismiss because of a misnomer, noting that the principle is "most obviously appropriate in cases where plaintiff has sued a corporation but misnamed it." *Id.* (citing *Roberts v.* Michaels, 29 F.3d 775, 778 (8th Cir. 2000)).

Therefore, pursuant to Rules 12(b)(6) and 12(b)(4), the Court should dismiss the Complaint against Selective in its entirety.

## CONCLUSION

For the foregoing reasons, Selective respectfully requests that this Court dismiss the Complaint against Selective.

Respectfully submitted,

SELECTIVE INSURANCE
COMPANY OF AMERICA

Genesis Guzman
Joseph K. Scully
DAY PITNEY LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone:  (860) 275-0100
Facsimile:  (860) 275-0343
jkscully@daypitney.com
gguzman@daypitney.com

March 25, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, causing notice of such filing to be served upon all parties registered on the CM/ECF system.

By:    */s/ Genesis Guzman*
         Genesis Guzman