UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE HARRINGTON and MELTECH, INC., | **Case No. 8:26-cv-00031** |
| Plaintiffs, | |
| versus, | **AMENDED COMPLAINT** |
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY ("MUSIC") | |
| Defendant. | **JURY TRIAL DEMANDED** |

## <u>STATEMENT OF FACTS</u>

1) This is an insurance lawsuit arising over a dispute between the policy holder Plaintiffs and insurance carrier Defendant ("MUSIC"), regarding an alleged claim that arose in 2019 at Paradise City gentlemen's club in Elm Creek, Nebraska, that Defendant is refusing to defend or indemnify.

2) Plaintiffs Shane Harrington and his corporation Meltech, Inc. were sued on December 8, 2025, by a Jane Doe, regarding an alleged incident that occurred one night at Paradise City around Halloween 2019.

3) The case is pending in this court: Jane Doe v. Shane Harrington, et al. case no: 7:25-cv-05010-RFR-RCC (the "Paradise City Case").

4) An amended complaint was filed December 24, 2025, and a second amended complaint was filed January 23, 2026.

5) On March 20, 2026, defense counsel in the Paradise City Case dismissed the Defendant Jay Sedhi Hospitality, LLC (the owner of the adjacent motel), after they filed a compelling FRCP Rule 12 motion to dismiss.

6) At the time of the alleged occurrence in 2019, Plaintiffs were out of possession landlords of Paradise City gentlemen's club, which was owned and operated by Tim Jeys.

1

7) Plaintiffs promptly reported this lawsuit to their primary insurance carrier Defendant MUSIC.

8) The MUSIC insurance policies applicable to this action were filed with the Court by Defendant (ECF No. 22-1 and 22-2).

9) Plaintiff Harrington also reported the claim to his personal umbrella carrier American Alternative Insurance Company ("AAIC").

10) AAIC requested the information for Mr. Harrington's homeowner's policy, which he provided.

11) Harrington's personal insurance company was Progressive Insurance Company dba American Strategic Insurance Company ("ASIC").

12) AAIC and ASIC state in their disclaimer letters that they do not cover Plaintiffs' business operations.

13) Defendant MUSIC has denied the duty to defend or indemnify without conducting a complete and proper investigation based upon two exclusions.

14) The case has now been pending for nearly four months and Defendant refuses to defend Plaintiffs claim while they pay a law firm to litigate against their insured.

15) As a result, Plaintiffs have gone to great expense to hire attorneys and begin the legal defense of a lawsuit that threatens Plaintiff's entire life, his personal and professional reputation.

16) Plaintiffs have also gone to great expense to hire attorneys to pursue this litigation to enforce the underlying insurance contracts between the parties.

17) Plaintiffs must file a response to the Paradise City Case on or before May 4, 2026.

18) Plaintiffs' attorneys have advised him that the legal defense alone in this case will likely cost hundreds of thousands of dollars.

19) Because of Defendant's breaches of contract, Plaintiffs must defend the frivolous sex trafficking case filed against him while pursuing this case to obtain a legal defense and indemnity from Defendant MUSIC.

20) This is precisely why Plaintiffs purchased insurance from Defendant and in Mr. Harrington's time of need, they have abandoned their duty to defend him in court.

21) Plaintiff Harrington has also filed an Abuse of Process lawsuit in state court against Jane Doe's attorney Maren Chaloupka and her co-counsel.

## DUTY TO DEFEND

22) Defendant MUSIC is required to provide a legal defense, even if they ultimately conclude that they will not indemnify the claim.

23) Neither MUSIC's 2018 – 2019 nor 2019 - 2020 insurance policies include an exclusion for sex trafficking.

24) The civil provision of the TVPA was enacted 23 years ago (18 U.S. Code § 1595).

25) If Defendant wanted to exclude claims under that statute, civil RICO or any other sex trafficking statute, they should have specifically included an exclusion for sex trafficking.

26) MUSIC claims that they do not have to provide a defense due to the "Assault and - Battery" and "Abuse and Molestation" exclusions in their contracts.

27) However, sex trafficking is a much broader cause of action than assault, battery, abuse or molestation.

28) Sex trafficking can involve some or all of the following: fear by intimidation, false imprisonment, kidnapping, coercion, mind control, intentional infliction of emotional distress, and other elements outside of MUSIC's exclusions.

29) The Jane Doe plaintiff did not allege that she was assaulted or battered, nor that she was abused or molested.

30) In fact, none of the versions of the lawsuit even state that anyone touched Jane Doe while she was at Paradise City.

31) Jane Doe claims that a man named William Quinn brought her to Paradise City to facilitate sex trafficking one night at a motel next door.

32) The motel has been dismissed from the case, which indicates that the incident may not have even occurred in the first place.

33) Though Plaintiffs are not accused of being actively involved, they could potentially be found liable under the "beneficiary" provision of the TVPRA through negligence, without committing assault, battery, abuse or molestation.

34) The lawsuit alleges that Plaintiffs, "should have known" of the tortious occurrence without any evidence or explanation as to how or why Plaintiff Harrington could have known about the incident.

35) At best it is ambiguous as to whether or not either exclusion applies to the Paradise City Case.

36) If the Court considers the Abuse and Molestation exclusion ambiguous with regard to its application to the case, Defendant must provide a legal defense.

37) The duty to defend is much broader than the duty to indemnify.

38) Defendant is required to defend the case because there are claims that are potentially covered by the policies.

39) In MUSIC's policy, "False arrest, detention or imprisonment" is not excluded, and Jane Doe has pleaded that she was held "captive" and "trafficked" which meets the definition of "false imprisonment."

40) Defendant also has a duty to defend the entire case if any portion of the case falls outside an exemption.

41) Defendant has a duty to defend as established by the precedent cases that were forwarded to Defendant by Plaintiffs.

42) As long as there are a set of facts that lie outside the exclusion, Defendant is required to provide a legal defense.

43) MUSIC was in fact ordered to provide a legal defense in a case similar to this in Georgia in 2022.

44) Jane Doe was allegedly trafficked and held "captive," without being assaulted or battered, abused or molested at Paradise City, in Elm Creek, Nebraska.

45) Any alleged sexual misconduct occurred next door at a motel, owned and potentially insured by third parties.

46) What's more, Plaintiff Harrington and his company are not accused of the assault, battery, abuse or molestation, but rather, they are accused of failing to take action to assist the Jane Doe which could broadly consist of negligent supervision.

47) If allegations in a lawsuit are more encompassing than the exclusions in an insurance policy, the carrier has a duty to defend the insured.

48) Plaintiffs are repeatedly accused of "omissions" which led to damages, which constitute various claims for negligence.

49) Plaintiffs are accused of "financial gain," at the expense of Jane Doe, which is outside any exclusion in the insurance policies.

50) Plaintiffs are accused of using Jane Doe as a form of marketing and advertising to help their business.

51) There are also repeated allegations of causing emotional distress which is not excluded from coverage.

52) Jane Doe claims to have experienced despair and to have been treated like an inanimate vehicle.

53) It is also likely the pleading will be amended to include broader claims.

54) The lawsuit claims in part that the Jane Doe was "held captive" and that Plaintiffs were, "prolonging her captivity," which constitutes false imprisonment, a tort that is not exempted from coverage and an element of sex trafficking.

55) The lawsuit claims that Defendants played an active and knowing role in Jane Doe's "torture" which is a personal injury outside any exclusion.

56) The lawsuit claims Jane Doe was subject by Plaintiffs to, "brutal and inhumane treatment," which is beyond the scope of the Defendants' coverage exclusions.

## **DEFAMATION OF PLAINTIFFS**

57) Another reason why it is critical for Defendant to defend Plaintiffs immediately is because all versions of the complaint are entirely false with regard to all claims made against Plaintiffs and the Paradise City Case accuses Plaintiffs of reprehensible, criminal conduct.

58) Plaintiffs are referred to in 20 of the 82 paragraphs of the original complaint and all allegations are false.

59) In the lawsuit, the Jane Doe Plaintiff and her attorneys falsely alleged the Plaintiffs owned and operated Paradise City strip club in 2019 and that Tim Jeys was an employee of Harrington and Meltech, Inc. when Jane Doe allegedly came there as a customer.

60) However, Plaintiffs sold Paradise City to Tim Jeys in April 2018, 18 months before the alleged incident occurred.

61) Since Defendants have not defended this frivolous lawsuit, Plaintiffs were forced to hire the law firm of Fraser Stryker to defend him in the case and the law firm of Evan Spencer Law, PLLC, to pursue the above-captioned litigation.

## PARTIES

## PLAINTIFFS

62) Plaintiff Shane Harrington is a resident of the State of Nebraska who was insured by the Defendants in 2019.

63) Meltech, Inc. was a corporation owned by Shane Harrington that operated in 2019, insured at that time by Defendants.

## DEFENDANT

64) Mesa Underwriters Specialty Insurance Company ("MUSIC") is Meltech, Inc.'s primary insurance for the claim, with a corporate office located at 200 Dryden Road, Suite 1200, Dresher, PA 19025.

## JURISDICTION

65) This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as

7

the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states.

## VENUE

66) Venue is proper under 28 U.S.C. § 1391 (a)(2) and (c), as a substantial part of the events or omissions giving rise to the claims stated herein occurred in Nebraska and Defendants are subject to jurisdiction in Nebraska.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

67) Plaintiffs re-allege and reaffirm all prior paragraphs as if fully set forth herein.

68) Defendant's contracts require Defendant to defend Plaintiffs in lawsuits like the one filed against Plaintiffs on December 8, 2025.

69) The parties' 100+ page insurance contracts do not contain an exclusion for sex trafficking.

70) Defendants are required to defend lawsuits for, "False arrest, detention, or imprisonment."

71) Jane Doe being held "captive" and "trafficked" at Paradise City potentially falls within the scope of, "false arrest, detention, or imprisonment."

72) Defendants are refusing to provide a legal defense for Plaintiffs.

73) Plaintiffs purchased insurance Policies from the Defendant requiring Defendant to pay for any and all damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

74) Each Policy includes a provision for legal defense of claims and indemnification of $1 million per incident.

75) The Policies are contracts between Plaintiffs and Defendant.

76) Plaintiffs paid premiums and otherwise performed all conditions precedent to recovery of benefits under their Policies with the Defendant.

77) Plaintiffs promptly reported the claims and cooperated with Defendant, providing everything they requested.

78) Defendant refuses to provide the contractually required and covered benefits to Plaintiffs, including a legal defense to the lawsuit filed against Plaintiffs and the duty to indemnify Plaintiffs.

79) The failure of Defendant to honor their obligations under the Policies constitutes breaches of contracts by Defendant.

80) As a direct and proximate result of Defendant's breach of its obligations under the Policies, Plaintiffs have suffered damages in excess of $75,000.

81) Plaintiffs are entitled to all benefits due and owing under the Policies.

82) Because this action involves a claim under insurance Policies, Plaintiffs, upon prevailing in this action, are entitled to an award of attorneys' fees under Neb. Rev. Stat. § 44-359.

83) Plaintiffs request that the Defendant reimburse Plaintiffs for legal expenses to date that should have been covered by insurance.

**SECOND CAUSE OF ACTION**

**BAD FAITH**

84) Plaintiffs re-allege and reaffirm all prior paragraphs as if fully set forth herein.

85) Defendant owes duties arising from the Policies' implied covenants of good faith and fair dealing, under which Defendant covenanted that they would, in good faith and in the exercise of fair dealing, deal with Plaintiffs fairly and honestly, faithfully perform their

duty of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiffs' rights to receive the benefits provided by the Policies.

86) The insurers breached their duty of good faith and fair dealing when they denied Plaintiffs a legal defense for a lawsuit that is covered under their insurance Policies.

87) At all times, Plaintiffs fulfilled their obligations under the Policies and acted in accordance with their duty of good faith and fair dealing.

88) Defendant breached the covenant of good faith and fair dealing that they owe to Plaintiffs by engaging in a pattern of conduct designed to deprive Plaintiffs of their rights and benefits under the Policies.

89) Defendant failed to act promptly in responding to communications transmitted by or on behalf of Plaintiffs.

90) Defendant failed to conduct a timely or objectively reasonable investigation.

91) Consequently, Plaintiffs have been forced to defend themselves in Court at great expense.

92) Defendant has unnecessarily compelled Plaintiffs to file this lawsuit to recover benefits owed under the Policies

93) Defendant's conduct has resulted in an avoidable harm to Plaintiffs.

94) It is apparent from the conduct of Defendant in their handling of Plaintiffs' Claims that Defendant has adopted a plan or approach to delay, as much as possible, its legal defense and payment of the Claims.

95) Defendant has committed such actions deliberately and with such frequency in this Claim as to indicate a general business practice.

96) Plaintiffs have suffered, and continue to suffer actual damages, due to Defendant's breach of its covenant of good faith and fair dealing.

97) As a direct and proximate result of Defendant's actions, Plaintiffs have:

(a) Incurred and will incur in the future legal costs to defend themselves in a frivolous lawsuit filed against them in federal court;

(b) Incurred and will incur in the future legal costs to litigate this lawsuit against Plaintiffs' insurance carriers for Breach of Contract and Bad Faith;

(c) Suffered and will continue to suffer monetary damages as a foreseeable and proximate result of the misconduct alleged; and

(d) Suffered and will continue to suffer other costs, expenses and losses.

## <u>REQUEST FOR RELIEF</u>

98) Plaintiffs respectfully request that this Court enter judgment in their favor and require Defendant to provide a legal defense and financial indemnity for the lawsuit of December 8, 2025, and monetary compensation for all of Plaintiffs' damages; and

99) That Defendant pay for all costs, expenses, and reasonable attorney fees incurred by Plaintiffs as allowed by any statute, court rule, or contract, including Neb. Rev. Stat. § 44-359; for damages caused by the bad faith breach of insurance contract by Defendant for pre-judgment and post-judgment interest as permitted by statute or court rule; and for such other relief as the Court may deem just and proper.

Respectfully Submitted,

March 30, 2026

By: /s/ *Evan Spencer*

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of March, 2026, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer, Esq.
