UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

SHANE HARRINGTON and MELTECH, INC.,

Plaintiffs,

versus,

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY ("MUSIC")

Defendant.

**Case No. 8:26-cv-00031**

**BRIEF IN SUPPORT OF MOTION
FOR DECLARATORY JUDGMENT**

## INTRODUCTION

Plaintiffs file this motion for a Declaratory Judgment pursuant to NRS 25 21,149 and 28 U.S. Code § 2201, regarding Defendant's duty to defend Plaintiffs in the case of Jane Doe v. Harrington, et al. (case no. 7:25-cv-05010-RFR-RCC), pending in this Court. The complaint was filed December 8, 2025 (ECF No. 1), an amended complaint was filed December 24, 2025 (ECF No. 3) and a second amended complaint was filed January 23, 2026 (ECF No. 13), regarding an alleged incident from 2019.

## LEGAL STANDARD

## DECLARATORY JUDGMENT

Pursuant to NRS 25-21,149. Declaratory judgments; courts of record; jurisdiction:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed… The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree."

Pursuant to 28 U.S. Code § 2201. Creation of Remedy:

"In a case of actual controversy within its jurisdiction… any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

1

## INSURANCE LAW

An insurance policy is a contract that courts can interpret as a matter of law:

"The interpretation of an insurance policy presents a question of law, *911 *Federated Service Ins. Co. v. Alliance Const., LLC,* 282 Neb. 638, 805 N.W.2d 468, 474 (2011), and the principles for interpreting insurance policies are well-known: An insurance policy is a contract. We construe insurance contracts like any other contract, according to the meaning of the terms that the parties have used. When an insurance contract's terms are clear, we give them their plain and ordinary meaning as a reasonable person in the insured's position would understand them. **But when an insurance contract is ambiguous, we will construe the policy in favor of the insured.** A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *American Family Mutual Insurance Company v. Wheeler,* 287 Neb. 250, 842 N.W.2d 100, 104 (2014) (footnotes omitted). Metro. Prop. & Cas. Ins. Co. v. Westport Ins. Corp., 131 F. Supp. 3d 888, 910–11 (D. Neb. 2015) (emphasis added)

Furthermore:

"**an insurer's duty to defend is broader than its duty to indemnify**. See, *Union Ins. Co. v. Land and Sky, Inc.,* 247 Neb. 696, 529 N.W.2d 773 (1995); *Allied Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 243 Neb. 779, 502 N.W.2d 484 (1993). An insurer has a duty to defend its insured whenever it ascertains **facts which give rise to the potential of liability under the policy.** *Allstate Ins. Co. v. Novak,* 210 Neb. 184, 313 N.W.2d 636 (1981). More specifically, as suggested by one writer, under *Novak,* an insurer is obligated to defend if (1) the allegations of the complaint, if true, would obligate the insurer to indemnify, or (2) a reasonable investigation of the actual facts by the insurer would or does disclose facts that would obligate the insurer to indemnify. Robert Works, Nebraska Property & Liability Insurance Law § 11.2.2 (1985). See, *Union Ins. Co., supra* (insurer has duty to defend its insured whenever it ascertains facts which give rise to potential of liability under policy). John Markel Ford, Inc. v. Auto-Owners Ins. Co., 249 Neb. 286, 295, 543 N.W.2d 173, 179 (1996) (emphasis added)

## DEFENDANT REFUSES TO DEFEND THE LAWSUIT AGAINST THEIR INSURED

Defendant MUSIC refuses to defend the case on two grounds. The first is that they claim it falls under an "Abuse and Molestation" exclusion and the second is their "Assault and Battery" exclusion. There are no allegations of assault and battery so that exclusion is irrelevant. Sex trafficking is broader and different than "Abuse & Molestation." The federal sex trafficking law

2

(TVRPA) was enacted 23 years ago. If Defendant wanted to have an exclusion for sex trafficking, they could have done so. Other policies by other carriers often include exclusions specifically tailored for sex trafficking. There are facts that give rise for the potential of liability. Jane Doe has sustained a "bodily injury" including emotional distress, torture, etc. that is not exempted by any policy exclusion. These personal injuries arise from wrongful detention and imprisonment, negligent and intentional infliction of emotional distress -- these are elements of Jane Doe's claim for sex trafficking and they are separate claims that can be made by Doe pursuant to the allegations of her 26-page SAC. The complaint states that the Jane Doe was "captive" on multiple occasions and that she was "coerced" and that "Quinn was in the club (Paradise City) for the purpose of "selling" Doe to its patrons. "DOE experienced the despairing recognition that yet another man who could help her, was instead prolonging her captivity." In their own coverage denial letter, MUSIC states on the top of page 5 that covered offenses include: "a. False arrest, detention or imprisonment."

**DUTY TO DEFEND**

Defendant has a duty to defend Plaintiffs in the Paradise City Case or continue paying for Fraser Stryker to defend the case:

> "Coverage under an insurance policy or contract is generally understood to consist of two separate and distinct obligations: the duty to defend any suit filed against the insured party and the duty to pay … **The duty to defend is broader than the duty to pay**. "[I]n determining its duty to defend, an insurer not only must look to the petition, but must investigate and ascertain the relevant facts from all available sources… [A]n insurer has a duty to defend its insured whenever the insurer ascertains facts which give rise to the **potential for liability under the policy**." *Id.* Topp's Mech., Inc. v. Kinsale Ins. Co., 374 F. Supp. 3d 813, 819 (D. Neb. 2019), aff'd, 968 F.3d 854 (8th Cir. 2020) "**an insurer is obligated to defend all suits against the insured, even if groundless, false, or fraudulent**…" Mortg. Exp., Inc. v. Tudor Ins. Co., 278 Neb. 449, 460, 771 N.W.2d 137, 148 (2009) (internal citations omitted) (emphasis added)

3

## SEX TRAFFICKING DOES NOT FALL UNDER

## ASSAULT & BATTERY OR ABUSE & MOLESTATION EXCLUSIONS

The present case is similar to the Northfield case from 2024 in Georgia, "Because the **allegations referencing false imprisonment fall outside the Abuse or Molestation Exclusion**, Starr also has a duty to defend Choice.")." … There are no instances of "assault or battery" unambiguously alleged in the underlying complaint, as those terms are defined in the Policy. **Although J.G. "alleges that [she] w[as] trafficked[,]" she does not allege that she "suffer[ed] either an intentional act to inflict injury or an intentional or reckless use of force."** *Mesa Underwriters Specialty Ins. Co. v. Khamlai Lodging, LLC*, No. 1:21-CV-2474-TWT, 2022 WL 1135013 at *4, 2022 U.S. Dist. LEXIS 70936 at *14 (N.D. Ga. Apr. 18, 2022) **(finding that sex trafficking victims' claims against a hotel did not fall within an "assault and battery exclusion").**

And while J.G. alleges that she engaged in commercial sex with adult men as a minor, the underlying complaint **does not allege that physical force was used or threatened against her**. *See id.* at *4, 2022 U.S. Dist. LEXIS 70936, at *15. J.G. alleges that she was physically harmed as a result of Northbrook's acts and omissions, but she does not explicitly allege that she was subject to "assault or battery," as those terms are defined in the Policy. Northfield Ins. Co. v. Northbrook Indus., Inc., 749 F. Supp. 3d 1325, 1340 (N.D. Ga. 2024) (emphasis added) In another case in New York, "**the Court concludes that the allegations in the B.H. Action do not fall entirely within the Abuse or Molestation Exclusion**. The Court further concludes that **Starr has wrongfully disclaimed its duty to defend choice** in the B.H. Action." Starr Indem. & Liab. Co. v. Choice Hotels Int'l, Inc., No. 20-CV-3172 (PKC), 2021 WL 2457107, at *11 (S.D.N.Y. June 16, 2021) (emphasis added)

In a recent Ohio case from early this month, Liberty Mutual Insurance Company was ordered to defend a lawsuit under the TVPRA: **"**The allegations brought against Red Roof under the TVPRA in the underlying lawsuits constitute an "occurrence" under Coverage A, and neither the doctrine of inferred intent nor Ohio's public policy preclude coverage. RED ROOF INNS, INC., et al., Plaintiffs, v. LIBERTY MUTUAL FIRE INSURANCE COMPANY, Defendant. Additional Party Names: Red Roof Franchising, LLC, RRF Holding Co., LLC, RRI W. Mgmt., LLC, No. 2:25-CV-00352, 2026 WL 775589, at *6 (S.D. Ohio Mar. 19, 2026)

## PLAINTIFFS CAN PREVAIL WITH COMPETENT LEGAL DEFENSE

To prove that Plaintiffs were "beneficiaries" under the TVPRA, there is a very high bar for Jane Doe to prove:

"The Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1591, prohibits the sex trafficking of children or adults by force, fraud, or coercion. In addition to that criminal prohibition, the Act provides sex trafficking victims with a civil cause of action against "the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)." 18 U.S.C. § 1595(a). Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714 (11th Cir. 2021)

**"Victims of sex trafficking did not plausibly allege that hotel franchisors participated in a venture that violated the Trafficking Victims Protection Reauthorization Act (TVPRA), as would be required to state a "beneficiary" claim under TVPRA**, in action in which victims asserted that franchisors benefited from sex-trafficking ventures through room fees, despite assertions that franchisors sent inspectors to the hotels who would have seen signs of sex trafficking and that franchisors received customer reviews mentioning sex work occurring at the hotels; nothing in complaint showed that franchisors participated in a common undertaking or enterprise with victims' sex traffickers or others who violated TVPRA. 18 U.S.C.A. § 1595(a). Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714 (11th Cir. 2021)

## THE INSURANCE POLICY IS AMBIGUOUS:

The policy should be construed in favor of coverage to the extent that it is ambiguous.:

**The interpretation of an insurance policy presents a question of law**, *911 Federated Service Ins. Co. v. Alliance Const., LLC,* 282 Neb. 638, 805 N.W.2d 468, 474 (2011), and the principles for interpreting insurance policies are well-known: An insurance policy is a

contract. We construe insurance contracts like any other contract, according to the meaning of the terms that the parties have used. When an insurance contract's terms are clear, we give them their plain and ordinary meaning as a reasonable person in the insured's position would understand them. **But when an insurance contract is ambiguous, we will construe the policy in favor of the insured**. A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *American Family Mutual Insurance Company v. Wheeler,* 287 Neb. 250, 842 N.W.2d 100, 104 (2014) (footnotes omitted). Metro. Prop. & Cas. Ins. Co. v. Westport Ins. Corp., 131 F. Supp. 3d 888, 910–11 (D. Neb. 2015)

Therefore, the Court should order the Defendant to defend the Paradise City Case because their insurance policies are ambiguous with regard to the exclusion of sex trafficking claims.

### CONCLUSION

Since Plaintiffs are being sued by Jane Doe for sex trafficking and this is not an exclusion in Plaintiffs' insurance policies, Defendant should be ordered to either defend the underlying case or pay for Fraser Stryker to continue the defense, together with paying the legal fees and costs of the above-captioned case.

Respectfully Submitted,

March 30, 2026

By: /s/ *Evan Spencer*

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of March, 2026, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

_/s/Evan Spencer_
Evan Spencer, Esq.