**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| SHANE HARRINGTON and MELTECH, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA dba MESA UNDERWRITERS and MUNICH RE INSURANCE COMPANY dba AMERICAN ALTERNATIVE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 8:26-cv-00031 |

**MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S**
**REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON PLEADINGS**

In the underlying lawsuit, Jane Doe alleges Plaintiffs Shane Harrington and Meltech, Inc. participated in her sex trafficking. The Policies exclude liability coverage for injury arising from or related to Abuse or Molestation or Assault or Battery. Doe's claims fall within the exclusions. Plaintiffs contend the exclusions do not bar MUSIC's duty to defend and indemnify them in the underlying lawsuit for three reasons:

1. MUSIC did not consider Plaintiffs' own "extrinsic evidence" of innocence in its coverage determination;
2. Some of Doe's alleged injuries may not have been caused by "abuse or molestation"; and
3. Plaintiffs were not the ones that perpetrated the alleged "assault" or "battery."

Answering those arguments, as MUSIC did in its briefing in opposition to Plaintiffs' Motion for Summary Judgment (Doc. No. 55):

1. MUSIC's duty to defend hinges on the pleaded allegations, not Plaintiffs' opinion or disputation of those claims;
2. The exclusions apply not only to ***direct*** injuries caused by the sexual trafficking, but to ***all*** injuries "arising from, directly or indirectly, related [to] 'abuse or molestation'" and "arising out of, resulting from, or in any way related to an 'assault' or 'battery'"; and
3. The exclusions extend to claims that an insured is liable for injuries from "abuse or molestation" or "assault or battery," regardless of its involvement in causing, allowing, facilitating, or failing to prevent the injuries, "abuse or molestation," or "assault or battery."

For these reasons, and those detailed in MUSIC's prior briefing before the Court (Doc. No. 51), MUSIC's Motion for Judgment on the Pleadings should be granted.

## I. Plaintiffs' Extrinsic Evidence Is Irrelevant Under the Abuse or Molestation Exclusion and Assault or Battery Exclusion.

Plaintiffs argue that MUSIC wrongly denied a duty to defend without first investigating extrinsic evidence of Plaintiffs' innocence in the underlying case. Plaintiffs contend they are innocent of Doe's claims because they were mere landlords of Paradise City, did not employ co-defendant Jeys, and did not own or control the strip club's operations. (Doc. No. 57 at 6–7.)

Nebraska law does not require insurers to investigate irrelevant extrinsic facts before denying a defense. "The mere allegation that an insurer failed to thoroughly and completely investigate facts relevant to potential liability does not alone suffice to establish its duty to defend"; instead, "it must be shown that a more thorough investigation would have disclosed facts which would establish the existence of the duty." *Scottsdale Indem. Co. v. Arch Ins. Co.*, 2024 WL 1193796, at *3 (D. Neb. Feb. 14, 2024). "Mere denials of allegations are insufficient, without more, to qualify as 'facts' indicating [an insurer has] a duty to defend where the claims in [an underlying complaint] otherwise [fall] outside of the policy's coverage." *Id.* at *5.

Plaintiffs' extrinsic facts are irrelevant to the duty to defend because those facts do not change how the Abuse or Molestation Exclusion and Assault or Battery Exclusion apply to Doe's claims. The Abuse or Molestation Exclusion and Assault or Battery Exclusion bar coverage even if Plaintiffs were not at fault or even involved in the alleged "abuse or molestation" or "assault" or "battery." As such, Plaintiffs' ownership or operation of Paradise City and employment of Jeys are irrelevant under the exclusions.

The Abuse or Molestation Exclusion bars coverage for all injuries arising, directly or indirectly, out of "any physical contact or any other conduct of an abusive, harassing or bullying nature; or sexual action, including any breach of duty in the hiring, training, supervision, retention or reporting or failing to report any person who commits or allegedly committed any of the foregoing offenses." Sexual action includes any contact or interaction with ***a person*** – not just the insured or persons it controls – which is objectively considered sexually oriented or motivated. (Doc. No. 31-2 at 15; Doc. No. 31-3 at 15.) The exclusion is not limited only to when abuse or molestation was caused by an insured's acts or omissions. Instead, the exclusion applies to any injuries from abuse or molestation, regardless of who intended, caused, contributed to, created the conditions for, or failed to prevent such injuries or abuse or molestation. Likewise, the Assault or Battery Exclusion bars coverage for injury from "assault" or "battery" when that injury arises from acts, errors, or omissions of the insured, its employees, its patrons, ***or "any other persons."*** (Doc. No. 31-2 at 13; Doc. No. 31-3 at 13.) Both exclusions apply to any theory of liability asserted to recover for the injuries arising from "abuse or molestation" or "assault" or "battery."

The injuries Doe alleges she suffered at Paradise City all fall within the exclusions, regardless of whether Plaintiffs owned or operated Paradise City or employed Jeys. Plaintiffs

have not demonstrated that a more thorough MUSIC investigation would have disclosed any other facts establishing a duty to defend. *See Scottsdale*, 2024 WL 1193796, at *5 (rejecting failure to investigate claims where party failed to identify extrinsic facts undermining coverage denial).[1] Accordingly, MUSIC properly denied Plaintiffs a defense against Doe's claims.[2]

## II. Plaintiffs Cannot Identify Any Injuries to Doe Not Caused by Abuse or Molestation.

Plaintiffs claim the Abuse or Molestation Exclusion does not bar all coverage for the underlying lawsuit because some of Doe's injuries could theoretically have arisen from other aspects of her experience as a victim of underage trafficking, such as exposure to the paraphernalia of the trafficking activity.

Plaintiffs first contend that Doe plausibly alleges injury at Paradise City that is independent of "abuse or molestation," "including emotional and other bodily harms inflicted by being taken into Paradise City to be sold to patrons and being forced to permit a Paradise City dance[r] perform a sex act on Doe." (Doc. No. 57 at 13.) Plaintiffs suggest the independent injury was "emotional victimization" and "brutal and inhumane treatment." (Doc. No. 57 at 13.)

---

[1] *Accord John Markel Ford, Inc. v. Auto-Owners Ins. Co.*, 249 Neb. 286, 295 (1996) ("As [insurer] had no duty to indemnify [insured] and as a reasonable investigation of the facts would have added nothing to what was contained in the complaint of the [underlying] Iowa lawsuit, [insurer] was under no duty to defend [insured] in the Iowa lawsuit."); *Cizek Homes, Inc. v. Columbia Nat'l Ins. Co.*, 22 Neb. App. 361, 371 (2014) (insurer not required to investigate whether insured negligently built home because coverage turned on separate question of whether insured's faulty work was an "occurrence"); *James River Ins. Co. v. Fortress Sys., LLC*, 2012 WL 6154281, at *5 (S.D. Fla. Dec. 11, 2012) (insurer did not fail to investigate underlying claims where those claims fell within exclusion and insured failed to identify any extrinsic facts that could have required a duty to defend).

[2] Plaintiffs' extrinsic facts contradict Doe's allegations that Plaintiffs "owned and [were] doing business as Paradise City" (Doc. No. 31-1 at 4, ¶5); Jeys "was an agent and employee" of Plaintiffs (Doc. No. 31-1 at 14, ¶43); and "[n]otwithstanding the apparent 'sale' of Paradise City to JEYS, HARRINGTON maintained equal right of control over the Joint Venture [Paradise City]." (Doc. No. 31-1 at 13, ¶40). Even if Plaintiffs' extrinsic facts changed how the Abuse or Molestation Exclusion and Assault or Battery Exclusion applied to Doe's claims (they do not), these facts nevertheless amount to "mere denials of allegations" that are "insufficient, without more, to qualify as 'facts' indicating" that MUSIC has a duty to defend Doe's claims. *See Scottsdale*, 2024 WL 1193796, at *5.

These supposed independent injuries are not actually independent of "abuse or molestation" Doe suffered at Paradise City. "Abuse or molestation" means "'bodily injury,' including any resulting emotional injury, distress or humiliation . . . and 'personal and advertising injury'" "arising, directly or indirectly, out of any physical contact or any other conduct of an abusive, harassing or bullying nature; or sexual action." The scope of the exclusion is expanded by use of the phrases "arising out of" and "directly or indirectly." *See Federated Serv. Ins. Co. v. All. Const., LLC*, 282 Neb. 638, 649–50 (2011) (interpreting "arising out of" as "very broad and comprehensive"); *Gilmore Const. Co. v. Miller*, 213 Neb. 133, 140 (1982) (recognizing that "indirectly" is broader than "directly"). Any "emotional victimization" and "brutal and inhumane treatment" Doe alleges she suffered from being "sold to patrons and being forced to permit a Paradise City dance perform a sex act" on her arises from conduct of an abusive, harassing or bullying nature, or sexual action – *i.e.*, "contact or interaction with a person which is objectively considered sexually oriented or motivated." Indeed, Quinn brought Doe to Paradise City in the first place for the purpose of "selling" her for sex. (Doc. No. 31-1 at 14, ¶44.) Tellingly, Plaintiffs do not explain how any specific injuries Doe alleges suffering are wholly unrelated to the "abuse or molestation" of being sex trafficked at Paradise City.

Plaintiffs also support their argument by citing a non-binding and distinguishable Georgia federal court decision, *Northfield Ins. Co. v. Northbrook Indus., Inc.*, 749 F. Supp. 3d 1325 (N.D. Ga. 2024), and various allegations in the underlying complaint that are either immaterial to coverage or contrary to Plaintiffs' argument. (Doc. No. 57 at 10–13.) This part of Plaintiffs' opposition brief is taken verbatim from their Motion for Summary Judgment brief. (Doc. No. 53 at 11–14.) As further explained in MUSIC's opposition brief to Plaintiffs' Motion for Summary Judgment, Plaintiffs' support is meritless.

First, as explained in the table in MUSIC's opposition, all of the allegations Plaintiffs claim to show that Doe suffered injuries not constituting "abuse or molestation" do, in fact, arise from "conduct of an abusive, harassing or bullying nature" or "contact or interaction with a person which is objectively considered sexually oriented or motivated." (Doc. No. 55 at 10–12.) This includes the injuries Doe alleges suffering at the Rodeway Inn because Quinn brought Doe to the Rodeway Inn for the purpose of her having coerced sex with men. (Doc. No. 55 at 11–12; Doc. No. 31-1 at 15–16, 18, ¶¶51, 60.) Regardless, the Policies do not cover injuries Doe alleges she suffered at the Rodeway Inn because the Designated Premises Endorsement limits coverage to (1) "bodily injury" that occurs at or (2) "personal and advertising injury" that arises from an offense committed at the Designated Premises – *i.e.*, Paradise City. (Doc. No. 55 at 6, 11.)

Second, the *Northbrook* decision is distinguishable. (Doc. No. 55 at 12–13.) In short, the *Northbrook* policy defined "abuse or molestation" narrowly as "any intentional, reckless or offensive physical contact of a sexual nature with a person." *Northbrook*, 749 F. Supp. 3d at 1331. By contrast, the MUSIC Policies define "abuse or molestation" more broadly as encompassing both "any physical contact ***or any other conduct*** of an abusive, harassing or bullying nature" ***and*** "any contact or interaction with a person which is objectively considered sexually oriented or motivated." (Doc. No. 31-2 at 15; Doc. No. 31-3 at 15.) Put differently, MUSIC's Policies exclude coverage for injuries arising from situations where sex acts both ***did*** occur and merely ***could have occurred*** to a victim. Doe alleges Quinn brought her to Paradise City once ***to be sold for sex***. (Doc. No. 31-1 at 14, ¶¶42, 44.) While at Paradise City, Jeys facilitated a sex act between her and one of the club's dancers. (Doc. No. 31-1 at 14, ¶45.) All of Doe's injuries arise from situations where sex acts either did occur or, at least, could have occurred. Accordingly, the Abuse or Molestation Exclusion bars coverage for Doe's claims.

## III. The Assault or Battery Exclusion Also Bars Coverage.

Plaintiffs argue that the Assault or Battery Exclusion does not apply because Doe's alleged injuries were not caused by Plaintiffs' acts or omissions. Plaintiffs support this argument with their repeated refrain that they were innocent out-of-possession, non-operating landlords of Paradise City and did not employ Jeys. (Doc. No. 57 at 16.) This argument is beside the point because, as discussed above, the Assault or Battery Exclusion bars coverage regardless of who caused Doe's alleged injuries and regardless of the theory for holding the Plaintiffs liable. Doe's injuries need not arise out of Plaintiffs' acts or omissions. The exclusion applies because all of Doe's injuries arise from either "direct or indirect instigation . . . [of] any other persons" (*e.g.*, Jeys, Quinn, the construction crew, other patrons who bought sex with Doe, and the Paradise City dancer); Paradise City's "failure to provide a safe environment"; negligent supervision of "any person" (*e.g.*, Quinn and Doe); or "negligent, reckless, or wanton conduct by . . . any other persons" (*e.g.*, Jeys, Quinn, the construction crew, other patrons who bought sex with Doe, and the Paradise City dancer). (Doc. No. 31-2 at 13; Doc. No. 31-3 at 13.)

Plaintiffs also argue that Doe's "allegations pertaining to Harrington and Meltech relate to financial gain, not 'assault' or 'battery' as defined by the Policy." (Doc. No. 57 at 15.) But this argument ignores the source of their alleged financial gain (*i.e.*, sex trafficking activity that implicates the exclusion). Regardless, Doe need not allege magic words like "assault" or "battery" for her claimed injuries to fall within the exclusion. What is important is that Doe's allegations establish an "assault" or "battery" as defined in the Policies. *See Dion v. City of Omaha*, 311 Neb. 522, 541 (2022) (courts look to the gravamen of claim and not pleader's label when determining whether claim arises out of assault or battery). As explained in MUSIC's opening brief, Doe's injuries arise out of conduct constituting an "assault" or "battery" as defined in the exclusion. (Doc. No. 51 at 12–13.)

## CONCLUSION

For the foregoing reasons, the Court should enter judgment (a) declaring, under Counts Two and Three of MUSIC's Counterclaim for Declaratory Judgment, that MUSIC is not obligated to defend or indemnify Plaintiffs in the underlying lawsuit and (b) dismissing the relief requested in Plaintiffs' Second Amended Complaint.

Dated: September 11, 2026

Respectfully Submitted,

DEFENDANT AND COUNTERPLAINTIFF,
MESA UNDERWRITERS SPECIALTY
INSURANCE CO.

By *__/s/ Joseph K. Scully__*

Joseph K. Scully
(admitted pro hac vice)
Brendan M. Donahue
(admitted pro hac vice)
Day Pitney LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
jkscully@daypitney.com
bdonahue@daypitney.com
(860) 275-0100

Its Attorneys

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Nebraska Civil Rules 7.1(d)(1) because the brief contains 2,363 words, including the caption, headings, footnotes, and quotations, per the Microsoft Word software (Version 2508) used to draft it.

*__/s/ Brendan M. Donahue__*
Brendan M. Donahue

**CERTIFICATE OF SERVICE**

I, Brendan M. Donahue, hereby certify that a copy of the above was or will immediately be electronically served upon all counsel of record this 11th day of September, 2026.

*/s/ Brendan M. Donahue*
Brendan M. Donahue