UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE HARRINGTON and MELTECH, INC., Plaintiffs, versus, MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY ("MUSIC"), Defendant. | **Case No. 8:26-cv-00031-RFR-RCC**<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

Plaintiffs, Shane Harrington and Meltech, Inc. ("Meltech"), by and through their undersigned counsel, submit this Reply Brief in support of Plaintiffs' Motion for Summary Judgment. The underlying lawsuit asserts allegations indicative of a "PERSONAL AND ADVERTISING INJURY" and/or "BODILY INJURY" that triggers MUSIC's duty to defend Harrington and Meltech for false arrest, detention, imprisonment, and bodily injury. Defendant MUSIC's policy exclusions for Assault and Battery and Molestation do not apply. While Defendants claim that Plaintiff relies on only one out of state sex trafficking case) in support of their conclusions (The Northbrook case in the N.D. Georgia there are other cases that support this conclusion in the Southern District of New York, the Eastern District of Virginia, the Southern District of Indiana, Pennsylvania, Massachusetts, the 11th Circuit, and in the N.D. of Georgia against Defendant MUSIC (*Mesa Underwriters Specialty Ins. Co. v. Khamlai Lodging, LLC*, No. 1:21-CV-2474-TWT, 2022 WL 1135013) cited in this Reply Brief where insurance carriers were ordered to provide legal defenses on behalf of their insured who was sued for sex trafficking..

**FALSE ARREST, DETENTION, OR IMPRISONMENT**.

Defendants must provide defense coverage under this provision of the Policy. The Coverage B Insuring Agreement provides:

> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which the insurance applies.

[Filing No. 31-2, p. 32, Filing No. 31-3, p. 31]. The Policy defines "personal and advertising injury" to include false arrest, detention, or imprisonment and malicious prosecution.

> 14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> a. False arrest, detention, or imprisonment;

[Filing No. 31-2, p. 41, Filing No. 31-3, p. 40].

**

**a. False Arrest, Detention, or Imprisonment**

The Jane Doe Plaintiff in the underlying lawsuit makes allegations that she was held captive to be trafficked and that Jeys conspired with Quinn to promote Quinn's activities at Paradise City in furtherance of Jeys's alleged joint venture with Harrington and Meltech. [Filing No. 31-1, p. 14, ¶ 49]. This constitutes a civil false arrest, detention, or imprisonment under the policy. "With each Defendant, Doe experienced the despairing recognition that yet another man who could help her, was instead prolonging her captivity." [Filing No. 31-1, p. 24, ¶ 102]. Plaintiff was held captive by Quinn, which allegedly benefited or was allegedly done in furtherance of his financial ventures with Jeys and by extension, Harrington and Meltech. [Filing No. 31-1, p. 21, ¶¶ 86-87]. **Because the allegations referencing false imprisonment fall outside the Abuse or Molestation Exclusion, Starr also has a duty to defend Choice.** Northfield Ins. Co. v. Northbrook Indus., Inc., 749 F. Supp. 3d 1325, 1339 (N.D. Ga. 2024) Since Jane Doe was held captive by Quinn at Paradise City, this triggers required legal defense under the policy by Defendants.

As noted in Plaintiffs' original brief, there are reasonable questions related to the exact nature of the alleged injuries, harms and damages the Jane Doe Plaintiff claims to have suffered; however, there is a measure of likelihood that some of these damages will constitute a "personal injury" which includes "injury" arising out of false arrest, detention, or imprisonment. "So, an insurer has a duty to defend its insured whenever it ascertains facts that give rise to the potential of liability under the policy." *Federated Services Ins. Co. v. Alliance Const., LLC*, 282 Neb. 638, 644, 805 N.W.2d 468, 474 (2011). **"The duty to defend applies 'even if only a small portion of the conduct alleged in the complaint falls within the scope of the insurance policy."** *American Family Mutual Ins. Co. S.I. v. Wyndham Hotels & Resorts, Inc.*, -- F.Supp.3d --, 2026 WL 851639 (S.D. Ind. 2026) *citing Property-Owners Ins. Co. v. Virk Boyz Liquor Stores, LLC*, 219 F.Supp.3d 868, 873 (N.D. Ind. 2016). Therefore, MUSIC has a duty to defend Harrington and Meltech.

**BODILY INJURY**

Alternatively, the Coverage A Insuring Agreement provides:

> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies…

[Filing No. 31-2, p. 27, Filing No. 31-3, p. 26].

The Policy defines "bodily injury" as "bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time." [Filing No. 31-2, p. 39 Filing No. 31-3, p. 38]. The Underlying Lawsuit alleges that the Jane Doe Plaintiff, "suffered damages as a result of Harrington, Meltech and Jeys's [alleged] joint venture and [alleged] civil conspiracy to enable and encourage Quinn's trafficking of Doe." [Filing No. 31-1, p. 22, ¶ 90]. Turning elsewhere in the Second Amended Complaint filed by the Jane Doe Plaintiff, she alleges that was forced "to endure months of brutal sexual, physical and emotion abuse" and that Harrington and Meltech,

along with the other named parties in the Underlying Lawsuit "played an active and knowing role in Jane Doe's "torture." [[Filing No. 31-1, p. 24, ¶ 100]. Plaintiff alleges that "her body and her life" were exploited by the named defendants in the Underlying Lawsuit. [Filing No. 31-1, p. 2, ¶ 3]. Some of these injuries and damages occurred at Paradise City when Quinn brough Jane Doe there in 2019, so MUSIC should be ordered to provide a legal defense to Plaintiffs.

**ASSAULT & BATTERY EXCLUSION DOES NOT APPLY**

The Underlying Lawsuit makes 15 factual allegations about Harrington and Meltech and makes claims pursuant to 18 U.S.C. § 1595 and/or 18 U.S.C. §2255, including conspiracy against Harrington and Meltech. [Filing No. 31-1, p. 10, ¶ 34 – p. 14, ¶ 49]. As noted, the allegations pertaining to Harrington and Meltech relate to financial gain, not "assault" or "battery" as defined by the Policy. [Filing No. 31-1, p. 13, ¶ 43, p. 20, ¶ 75, p. 21, ¶ 86]. Further, even if there was an "assault' or battery" as defined by the Policy, the A&B Exclusion is qualified to only apply when the "assault" or "battery" is caused by or arises out of one of those acts enumerated in (I)(A)-(F). [Filing No. 31-2, p. 13, Filing No. 31-3, p 13]. None of the acts identified in I(A)-(F) are applicable to the Underlying Lawsuit [Filing No. 31-2, p. 13, Filing No. 31-3, p 13], so the A&B Exclusion does not eliminate all coverage obligations and MUSIC has a duty to defend the Underlying Lawsuit.

> There are no instances of "assault or battery" unambiguously alleged in the underlying complaint, as those terms are defined in the Policy. **Although J.G. "alleges that [she] w[as] trafficked[,]" she does not allege that she "suffer[ed] either an intentional act to inflict injury or an intentional or reckless use of force."** *Mesa Underwriters Specialty Ins. Co. v. Khamlai Lodging, LLC*, No. 1:21-CV-2474-TWT, 2022 WL 1135013 at *4, 2022 U.S. Dist. LEXIS 70936 at *14 (N.D. Ga. Apr. 18, 2022) (**finding that sex trafficking victims' claims against a hotel did not fall within an "assault and battery exclusion").** And while J.G. alleges that she engaged in commercial sex with adult men as a minor, the underlying complaint does not allege that physical force was used or threatened against her. *See id.* at *4, 2022 U.S. Dist. LEXIS 70936, at *15. J.G. alleges that she was physically harmed as a result of Northbrook's acts and omissions, but she does not explicitly allege that she was subject to "assault or battery," as those terms

are defined in the Policy. Northfield Ins. Co. v. Northbrook Indus., Inc., 749 F. Supp. 3d 1325, 1340 (N.D. Ga. 2024)

Since there are no allegations in the underlying lawsuit that the Jane Doe Plaintiff was "assaulted" or "battered" this exclusion does not apply.

**ABUSE & MOLESTATION EXEMPTION DOES NOT PRECLUDE COVERAGE**

The abuse and molestation exemption does not preclude coverage. The Abuse and Molestation Exclusion ("A/M Exclusion") excludes coverage for "Bodily Injury" and "Personal and Advertising Injury" or "any other damages arising from, directly or indirectly, related to "abuse or molestation." [Filing No. 31-2, p. 15, Filing No. 31-3, p. 15]. The A/M Exclusion defines "abuse or molestation" to mean:

> All "bodily injury," including any resulting emotional injury, distress or humiliation, "property damage" and "personal and advertising injury" arising, directly or indirectly, **out of any physical contact, or any other conduct of an abusive, harassing or bullying nature; or sexual action**, including any breach of duty in the hiring, training, supervision, retention or reporting or failing to report any person who commits or allegedly committed any of the foregoing offenses.
>
> Sexual action includes any contact or interaction with a person, which is objectively considered sexually oriented or motivated, including physical touching, nudity, exposure to material of a sexual nature in any medium, exposure to material of a sexual nature in any medium, exposure to sexual language or behavior, requests for sexual activity, and any other behavior with sexual connotation or purpose, whether performed for sexual gratification, discrimination, intimidation, coercion or any other reason.

[Filing No. 31-2, p. 15, Filing No. 31-3, p. 15].

**

The position that Plaintiff's alleged, but unspecified damages, arose solely from sex acts "turns on just one possible interpretation of [Plaintiff's] complaint—and not even the best interpretation." *Northfield Ins. Co. v. Northbrook Industries, Inc.*, 749 F.Supp.3d 1325, 1337 (N.D. Ga. 2024) *citing Houston Specialty Ins. Co. v. Five Paces Inn Co.*, 823 F.App'x 897, 899 (11th Cir. 2020). It is at least arguable, as in the *Northbrook Industries* case that "some of these injuries

arose not from other aspects of [Plaintiff's] experience as an underage victim of trafficking." *Id*. Some of the conditions it is alleged that Plaintiff was subject to include:

- She had to describe the details of each sexual encounter she was forced to participate in. [Filing No. 31-1 p. 8, ¶ 20].
- Exposure to indicia of illegal drug use [Filing No. 31-1, p. 15 ¶ 54].
- Being "patronized and solicited" after use of threats, of force, fraud, or coercion [Filing No. 31-1, p 18, ¶¶ 63, 65].
- Being sold for $50.00 [Filing No. 31-1, p. 24 ¶ 101].
- Internalizing "inescapable messages" that "she was nothing more than an orifice with a person around it" [Filing No. 31-1, p. 24 ¶ 101].
- Internalizing "inescapable messages" that "she had no rights, no agency, no past, no future, and no soul" [Filing No. 31-1, p. 24 ¶ 101].
- Internalizing "inescapable messages" that "she was so lacing in value as a human being that it did not matter if they hurt Doe or even if they killed her." [Filing No. 31-1, p. 24 ¶ 101].
- Recognition that someone who could help her was adding to her "…emotional victimization." [Filing No. 31-1, p. 25, ¶ 104].
- She was subjected to "brutal and inhumane treatment. [Filing No. 31-1, p. 25, ¶ 106].

The *Northbrook* Court noted similar, alternative bases for injuries or damages independent of any allegations of abuse or molestation: "One could reasonably read the underlying complaint as alleging physical harms that J.G. incurred even independent of 'abuse or molestation." *Id* at 1337 (N.D. Ga. 2024). As noted above, the Jane Doe Plaintiff only makes vague allegations that she suffered and continues to suffer "damage." [Filing No. 31-1, p. 18, ¶ 67, p. 19, ¶ 74, p. 22, ¶ 90, p. 24, ¶ 99]. At the end of her Second Amended Complaint, Plaintiff notes she is seeking "compensatory damages in an amount to be specifically proven at trial." [Filing No. 31-1, p. 26, ¶ 108]. There is support that at least some of Plaintiff's damages may have resulted from

circumstances for which Harrington or Meltech are alleged to be liable for that are independent of any "abuse or molestation" and MUSIC has a duty to defend Harrington and Meltech against these claims.

MUSIC claims that the alleged events must have occurred at Paradise City for the Policy to be triggered. MUSIC identifies two specific instances that occurred at Paradise City—

1. Quinn—allegedly with knowledge and permission of Jeys, the manager—sold Doe for sex to Paradise City Patrons. [Filing 31-1 at 14, ¶ 44).
2. Jeys allegedly facilitated one of the Paradise City dancers performing a sexual act on Doe.

MUSIC then contends that these events are excluded by the Policy's A/M Exclusion; however, this ignores the conditions to which Doe was subjected to that may or do result in injuries independent and separate from the alleged abuse or molestation, including emotional and other bodily harms inflicted by being taken into Paradise City to be sold to patrons and being forced to permit a Paradise City dance perform a sex act on Doe. In either or both of these situations, it is reasonable to conclude that Doe was possibly subject to some other injuries, including the emotional victimization or the "brutal and inhumane treatment" alleged by Doe. [Filing 31-1, p. 25, ¶ 104, ¶ 106].

**ADDITIONAL CASES IN SUPPORT**

While Defendant states in their brief that Plaintiffs rely on only one out of state case, the following courts ordered insurance companies to provide legal defenses for their insured in cases of sex trafficking lawsuits.

> "An action commenced in the District of South Carolina alleged that defendant Choice Hotels International, Inc. ("Choice") was liable for a brutal incident of **human trafficking** that occurred on the premises of a Quality Inn. See B.H. v. Choice Hotels International, Inc., 19 Civ. 3442 (D.S.C.) (the "B.H. Action"). Starr then commenced this declaratory judgment action. It seeks a declaration that it has no duty to defend or indemnify Choice. In a counterclaim, Choice seeks a declaration that Starr has wrongfully disclaimed coverage… **the Court concludes that the allegations in the B.H.**

**Action do not fall entirely within the Abuse or Molestation Exclusion**. The Court further concludes that **Starr has wrongfully disclaimed its duty to defend choice** in the B.H. Action." Starr Indem. & Liab. Co. v. Choice Hotels Int'l, Inc., No. 20-CV-3172 (PKC), 2021 WL 2457107, at *11 (S.D.N.Y. June 16, 2021)

"Defendant Tilma, Inc. seeks dismissal of claims that Plaintiffs Peerless Indemnity Insurance Company and Ohio Security Insurance Company ("OSIC") have no duty to defend or indemnify Tilma in an underlying lawsuit that accused Tilma of aiding sex traffickers operating out of a hotel in Chesapeake, Virginia. ECF No. 19. Because **the allegations in that underlying lawsuit are covered by the insurance policy** between the plaintiffs and Tilma, the Motion to Dismiss (ECF No. 19) will be **GRANTED."** Peerless Indem. Ins. Co. v. Tilma, Inc., No. 2:24-CV-492, 2025 WL 2052479, at *1 (E.D. Va. July 22, 2025)

"… in the face of a lawsuit that alleges injuries that may implicate an insurance policy, an insurance company must defend its insured. And because G.M. (victim) alleges facts that may establish that Defendants did not know about the trafficking at the Hotel (negligent as that may be), **Defendants are entitled to a defense under the Policy**. Am. Fam. Mut. Ins. Co., S.I. v. Wyndham Hotels & Resorts, Inc., 829 F. Supp. 3d 519, 535 (S.D. Ind. 2026)

"… we hold that **neither an insurer's duty to defend nor its duty to indemnify is abrogated on the basis of public policy** when the insured is alleged to have enabled or profited from sex trafficking." Samsung Fire & Marine Ins. Co., Ltd (U.S. Branch) v. RI Settlement Tr., 360 A.3d 895, 909 (Pa. 2026)

## CONCLUSION

WHEREFORE, Plaintiffs Shane Harrington and Meltech, Inc. pray this Court grant Plaintiffs' motion for Summary Judgment, declaring that Defendant Mesa Underwriters Specialty Insurance Company, has a duty to defend Harrington and Meltech in the Underlying Lawsuit and that Harrington and Meltech are entitled to such other judgment and relief as is appropriate, including $1 million in indemnity, and attorney's fees related to this action, pursuant to Neb. Rev. Stat. § 44-359.

Respectfully Submitted,

September 11, 2026

By: /s/ *Evan Spencer*

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Nebraska Civil Rules 7.1(d)(1) because the brief contains 2,692 words, including the caption, headings, footnotes, and quotations, per the Microsoft Word software used to draft it.

*/s/Evan Spencer*
Evan Spencer, Esq.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 11th day of September, 2026, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer, Esq.